Frank P. Db Luca, J.
Petitioner, a resident of the East Islip School District, brings this article 78 proceeding to annul, vacate and set aside, the district’s annual budget adopted October 1, 1971. He contends that the adoption was illegal because of a variance of $180,888 above the total budget approved by the voters in June, resulting in an additional tax increase of $1.07 per $100 of assessed valuation.
It appears that the additional expense items were added to the budget after voter approval upon the request of the district’s new Superintendent who assumed office on July 1, 1971. Most of the additional funds concerned maintenance for plant and equipment, additional bus service, fuel, oil, gas, telephone and health and social security expense line items. The respondent school board contends that these line items come within the purview of “ ordinary contingent expenses,” which, pursuant to section 2023 of the Education Law, may be spent without voter approval. Petitioner maintains that section 2023 is either inapplicable because the budget was approved or alternatively, that the statute refers to “ emergency ” expenses.
Respondents raise the threshold question of petitioner’s failure to exhaust administrative remedies by appeal to the State Commissioner of Education. However, in the court’s view, section 2024 of the Education Law, providing for referral to the Commissioner, is precatory rather than mandatory in tone. (“If any question shall arise as to what are ordinary contingent expenses the same mag be referred to the commissioner of education”; emphasis added.) Therefore, taking into account the magnitude of the added increase in taxes to the taxpayers of the district, the entire budget has been “ tainted ” by the addition of these items which were not offered to the voters for their consideration at the last budget vote. In such a case the entire budget may be judicially reviewed. (Matter of Drelich v. Kahn, 60 Misc 2d 227.)
After making such review, the court cannot agree with respondents that these are ‘ ‘ ordinary contingent expenses ’ ’ *1057 within the proper meaning of section 2023. An administrative determination regarding the budget had. been made by the previous Superintendent of Schools and his staff to the effect that these items were not necessary. They were not submitted to the voters at the budget election in June, 1971. It therefore, should make no difference that a new Superintendent of Schools taking office on July 1, 1971, had a different budgetary point of view than his predecessor. If the respondents’ contentions were carried to their logical conclusion, almost all post-election budget changes could be classified as ordinary and contingent and the net result would be a mockery of the budget-electoral process.
The respondents have failed to demonstrate that the budget approved by the voters would be incapable of permitting the district to operate; they have merely shown a preference for certain budget priorities which were higher in cost than provided for by the taxpayers. This they cannot do without rendering meaningless the system of voter approval of operating school budgets. Accordingly, the revised budget only insofar as the additional sum of $180,888 is concerned, passed by the respondent school board on October 1, 1971 is declared to be void and illegal and respondents are directed to submit the revised budget to the voters as soon as possible for approval or rejection. In the interim, the parties may submit alternative plans in the judgment to be entered herein.